IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

VICTOR CASADO, an individual,

    *Plaintiff,*

vs.

NAS COMPONENT MAINTENANCE,
INC., a Florida corporation, and NESTOR
CAMACHO, individually,

    *Defendants*.
_____/

# **COMPLAINT**

Plaintiff, Victor Casado ("Mr. Casado" or "Plaintiff"), sues Defendants, NAS Component Maintenance, Inc., a Florida corporation ("NAS Component") and Nestor Camacho ("Mr. Camacho") (collectively referred to as "Defendants") and alleges:

1. This is an action brought by the Plaintiff to recover from the Defendants unpaid wage compensation, as well as an additional amount as damages, liquidated damages, cost, and reasonable attorney's fees under the Fair Labor Standards Act ("FLSA").

2. Plaintiff is a resident of Miami-Dade County and sui juris.

3. Defendant, NAS Component, is a Florida corporation doing business in Miami-Dade County, Florida with its principal place of business located at 2741 West 81st Street, Hialeah, Florida 33016.

4. Defendant, Mr. Camacho, is a resident of Miami-Dade County and sui juris.

5. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b)

and (c) as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

6. This Court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 28 U.S.C § 1367, because the claims seeks redress for Defendants' violations of FLSA and all claims form a part of the same controversy.

7. At all material times hereto, NAS Component was and continues to be an enterprise engaged in interstate commerce.

8. At all material times hereto, NAS Component operated as an organization that provided services to or sold, marketed, or handled goods and materials to customers throughout the United States; provided services for goods sold and transported from across state lines; obtained, solicited, and accepted funds from sources outside the state of Florida; used telephonic transmissions traversing state lines in the ordinary course of business; transmitted funds outside the state of Florida; and otherwise regularly engaged in interstate commerce.

9. As a result of the services provided by NAS Component, two or more of its employees regularly handled and worked with goods and materials moved in or produced in interstate commerce.

10. By reason of the foregoing, NAS Component is and was, during all times material hereto, an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203.

11. Upon information and belief, Mr. Camacho is the Director of NAS Component and has economic and day-today control of NAS Component, and of the nature and structure of Plaintiff's employment relationship with NAS Component and is therefore an employer as defined by 29 U.S.C. § 203(d).

## FACTUAL ALLEGEATION

12. NAS Component provides component repair solutions to the aviation industry. NAS Component's repair station supports a wide variety of airlines and customers across various aircrafts and engine platforms.

13. NAS Component hired Mr. Casado as Chief Financial Officer ("CFO") of NAS Component. Mr. Casado was the CFO of NAS Component from November 25, 2018 until March 1, 2020.

14. NAS Component continuously failed to pay Mr. Casado's weekly paycheck throughout his employment with NAS Component.

15. NAS Component would issue Mr. Casado a payroll check and then advise Mr. Casado to hold on to the check and cash it at a later point in time. Mr. Casado was rarely directed to proceed with cashing any of his payroll checks.

16. Pursuant to Mr. Casado's employment with NAS Component, he was supposed to be paid weekly in the amount of $1,651.75 (this amount reflected the net pay of Mr. Casado's weekly paychecks).

17. Mr. Casado was not fully compensated during his employment at NAS Component.

18. As a result, Mr. Casado gave NAS Component a letter of resignation and left its employment on March 1, 2020. As of today, NAS Component owes Mr. Casado the sum of $80,178.24 for back wages and salary.

19. Plaintiff has repeatedly demanded payment of the aforementioned sums, and although the debt was admitted, payment has still not yet been received.

20. Plaintiff retained undersigned counsel and has agreed to pay them a reasonable

attorneys' fees. Plaintiff requests said attorneys' fees as damages in this lawsuit.

21. All conditions precedent to bringing this action have occurred, been performed, satisfied, waived, and/or have been excused.

## COUNT I
### *Violation of the Minimum Wage Provision of the FLSA*
### Against NAS Component

22. Plaintiff re-alleges paragraphs 1 through 21 as if fully incorporated herein.

23. NAS Component hired Plaintiff to be its Chief Financial Officer and agreed to pay Plaintiff for his work.

24. NAS Component agreed to compensate the Plaintiff on a weekly basis for the amount specified above.

25. As an essential term of the employment, NAS Component would pay Plaintiff a salary for the services Plaintiff was providing to the Defendant.

26. NAS Component willfully failed to pay Plaintiff even the minimum wage required under 29 U.S.C. § 206 for worked Plaintiff performed.

27. Plaintiff has been damaged due to NAS Component's willful failure to pay Plaintiff the appropriate agreed upon salary.

28. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to costs of the action, liquidated damages and reasonable attorney's fees.

**WHEREFORE**, Plaintiff, Victor Casado, respectively requests that judgment be entered in his favor against the Defendant, NAS Component, as follows:

a. Declaring pursuant to 29 U.S.C. § 206, that the acts and practices of NAS Component complained of herein are in violation of the minimum wage provisions of the FLSA;

b. Permanently enjoining NAS Component, their agents, officers, and employees from engaging in all practices found by this Court to be in violation of the minimum wage

provisions of the FLSA;

c. Awarding Plaintiff damages against NAS Component, for lost and withheld compensation for the work performed by the Plaintiff, but for which he was not compensated;

d. Awarding Plaintiff liquidated damages; (e) Awarding Plaintiff reasonable attorney's fees, costs, interest, and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Ordering any further relief that this Court may deem just and proper.

## COUNT II
### *Violation of the Minimum Wage Provision of the FLSA*
### **Against Mr. Camacho**

29. Plaintiff re-alleges paragraphs 1 through 21 as if fully incorporated herein.

30. This is an action against Mr. Camacho for violation of the minimum wage compensation pursuant to 29 U.S.C. § 206.

31. Plaintiff worked for Mr. Camacho from November 25, 2018 until March 1, 2020 without receiving compensation.

32. Mr. Camacho had day-to-day and operational control of Plaintiff and his compensation structure and is therefore an employer pursuant to 29 U.S.C. § 203(d).

33. Plaintiff should have been duly compensated for the time he worked as CFO of NAS Component.

34. Mr. Camacho knew or should have known that Plaintiff was not being paid in violation of the minimum wage provision defined in 29 U.S.C. § 206.

35. At all material times, Mr. Camacho knew or should have known that such refusal and/or failure to duly compensate the Plaintiff is prohibited by the FLSA.

36. Notwithstanding, Mr. Camacho intentionally and willfully violated the FLSA, as cited herein.

37. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

**WHEREFORE**, Plaintiff, Victor Casado, respectively requests that judgment be entered in his favor against the Defendant, Nestor Camacho, as follows:

a. Awarding Plaintiff damages against NAS Component, for lost and withheld compensation for the work performed by the Plaintiff, but for which he was not compensated;

b. Awarding Plaintiff liquidated damages; (e) Awarding Plaintiff reasonable attorney's fees, costs, interest, and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

c. Ordering any further relief that this Court may deem just and proper.

## COUNT III
### *UNJUST ENRICHMENT*
### Against All Defendants

38. Plaintiff re-alleges paragraphs 1 through 21 as if fully incorporated herein.

39. As an alternative pleading to the allegations in Count I and II, Plaintiff gave Defendants benefits but was not compensated fully for his services.

40. Defendants accepted these services and never objected to the same.

41. Plaintiff has been damaged due to Defendants' willful failure to pay Plaintiff for all of his services.

42. Pursuant to § 448.08, Florida Statutes, Plaintiff is entitled to costs of the action and a reasonable attorney's fee.

**WHEREFORE**, Plaintiff demands judgment against the Defendants for unpaid wages, an equal amount as liquidated damages, and reasonable attorneys' fees and costs pursuant to Fla. Stat. § 448.08 of the Florida Statutes.

## COUNT IV
### BREACH OF CONTRACT
### Against All Defendants

43. Plaintiff re-alleges paragraphs 1 through 21 as if fully incorporated herein.

44. NAS Component hired Plaintiff to be its Chief Financial Officer and agreed to pay Plaintiff for his employment at NAS Component.

45. NAS Component agreed to compensate the Plaintiff on a weekly basis for the amount specified above.

46. As an essential term of the employment, NAS Component would pay Plaintiff a salary for the services Plaintiff was providing to the Defendant.

47. NAS Component willfully failed to pay Plaintiff his salary during the entirety of his employment with NAS Component.

48. Plaintiff has been damaged due to NAS Component's willful failure to pay Plaintiff the appropriate agreed upon salary.

**WHEREFORE**, Plaintiff, Victor Casado, respectively requests that judgment be entered in his favor against the Defendant, Nestor Camacho, as follows:

a. Awarding Plaintiff damages against NAS Component, for lost and withheld compensation for the work performed by the Plaintiff, but for which he was not compensated;

b. Ordering any further relief that this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

**DATED: June 30, 2020**

Respectfully submitted,

**DORTA & ORTEGA, P.A.**

 /s/Omar Ortega
**Omar Ortega, Esq.**
Florida Bar No. 0095117
**Valerie M. Hassan, Esq.**
Florida Bar No. 1000379
3860 S.W. 8 Street, PH
Coral Gables, Florida 33134
Telephone:	(305) 461-5454
Fax:	(305) 461-5226
Email: oortega@dortaandortega.corn
Email: vhassan@dortaandortega.corn
Email: dkoch@dortaandortega.com

*Attorneys for Plaintiff*