IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:20-cv-22698-JEM

VICTOR CASADO, an individual.

    Plaintiff,
vs.

NAS COMPONENT MAINTENANCE,
INC., a Florida corporation, and NESTOR
CAMACHO, individually,

    Defendants.
_____/

## DEFENDANTS MOTION TO DISMISS

Defendants, NAS Component Maintenance Inc. ("NAS") and Nestor Camacho ("Camacho), move to dismiss Plaintiff's Complaint for failure to state a cause of action pursuant to Fed. R. Civ. P. 12(b)(6) and state:

The first two counts of Plaintiff's four count Complaint claims that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C.A. § 206, by failing to pay "the minimum wage required … for worked [sic] Plaintiff performed". (Complaint para 26)." Plaintiff specifically alleges he was hired "as Chief Financial Officer ("CFO")" of NAS (Complaint para. 13) and that he was to be "paid weekly in the amount of $1,651.75 (this amount reflected the net pay of Mr. Casado's weekly paychecks"). (Complaint ¶16).[1] Plaintiff demands $80,178.24 for back pay and wages. (Complaint para. 18).

    I.    The FLSA Claims

---

[1] Mr. Casado's gross weekly pay was $2,000.00 per week.

The law applicable to this action is straight forward. 29 U.S.C.A. § 206 requires every employer to: "…pay each of his employees who in any workweek is engaged in commerce … wages at the following rates:

> (1) except as otherwise provided in this section, not less than--
>   (A) $5.85 an hour, beginning on the 60th day after May 25, 2007;
>   (B) $6.55 an hour, beginning 12 months after that 60th day; and
>   (C) $7.25 an hour, beginning 24 months after that 60th day;

While FLSA applies to employees generally, there is a statutory exemption for a particular class of workers. 29 U.S.C.A. § 213 provides:

> a) Minimum wage and maximum hour requirements
>
> The provisions of sections 206 (except subsection (d) in the case of paragraph (1) of this subsection) and 207 of this title shall not apply with respect to—
>
> (1) any employee employed in a bona fide executive, administrative, or professional capacity (including any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary schools), …

The executive and administrative exemptions are separate and discrete. The criteria for executive and administrative exemptions are set out at 29 CFR CH V, Subch. A; Pt. 541 SubPart 541 A. §541.0 (Introductory statement) provides:

> (a) Section 13(a)(1) of the Fair Labor Standards Act, as amended, provides an exemption from the Act's minimum wage and overtime requirements for any employee employed in a bona fide executive, administrative, or professional capacity (including any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary schools),…

The discrete exemption requirements for executives are set out at Subpart B. §541.100 provides:

> The term "employee employed in a bona fide executive capacity" in section 13(a)(1) of the Act shall mean any employee:

(1) Compensated on a salary basis pursuant to § 541.600 at a rate of not less than $684 per week (or $455 per week if employed in the Commonwealth of the Northern Mariana Islands, Guam, Puerto Rico, or the U.S. Virgin Islands by employers other than the Federal government, or $380 per week if employed in American Samoa by employers other than the Federal government), exclusive of board, lodging or other facilities;

(2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;

(3) Who customarily and regularly directs the work of two or more other employees; and

(4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

Additional criteria to determine if an employee is an executive are set out at § 541.102 (Management). That section provides, in relevant part: "Generally, 'management includes, but is not limited to…planning and controlling the budget…".

§ 541.103(a) (Department or subdivision) provides:

(a) The phrase "a customarily recognized department or subdivision" is intended to distinguish between a mere collection of employees assigned from time to time to a specific job or series of jobs and a unit with permanent status and function. A customarily recognized department or subdivision must have a permanent status and a continuing function. For example, a large employer's human resources department might have subdivisions for labor relations, pensions and other benefits, equal employment opportunity, and personnel management, each of which has a permanent status and function.

§ 541.104 (Two or more other employees) and § 541.105 (Particular weight) impose additional requirements on an executive. An executive must "customarily and regularly direct the work of two or more other employees" 541. 104(a) and his recommendations must be "given 'particular weight'.. " meaning "whether it is part of the employee's job duties to make such suggestions and recommendations; the frequency with which such suggestions and

recommendations are made or requested; and the frequency with which the employee's suggestions and recommendations are relied upon." § 541. 105.

The regulations applicable to the exemption for administrative employees are set out at Subpart C. § 541.200 (Department or subdivision) provides:

(a) The term "employee employed in a bona fide administrative capacity" in section 13(a)(1) of the Act shall mean any employee:

(1) Compensated on a salary or fee basis pursuant to §541.600 at a rate of not less than $684 per week (or $455 per week if employed in the Commonwealth of the Northern Mariana Islands, Guam, Puerto Rico, or the U.S. Virgin Islands by employers other than the Federal government, or $380 per week if employed in American Samoa by employers other than the Federal government), exclusive of board, lodging or other facilities;

(2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and

(3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

Subpart C provides additional criteria to qualify for the administrative employee exemption. § 541.201(a) requires administrative employees to perform "work directly related to the management or general business operations of the employer"; § 541.201(b) defines such direct work as "work in functional areas such as tax; finance; accounting; budgeting; insurance quality control; purchasing. procurement…"

§ 541.202 requires an executive to have the ability to "exercise of discretion and independent judgment with respect to matters of significance".

In this case, the allegations of Plaintiff's Complaint clearly demonstrate he falls within the both the administrative and executive exemptions under FLSA. He does not allege that he is employed to perform any manual labor. He admits that his position is Chief Financial Officer and that his net weekly salary is above $684.00 per week. A CFO's general duties are primarily "the

4

performance of office or non-manual work directly related to the management or general business operations of the employer" and provide the CFO discretion on implementing process and procedures to manage the company' finances. Certainly, Plaintiff's Complaint contains no allegations suggesting Plaintiff's functions as CFO were limited or circumscribed by the company or that his work was subject to the absolute review and approval of a direct superior.

Moreover, in this case the court should consider documents attached to this Motion to dismiss which are central to the complaint and whose authenticity cannot be disputed.[2] One core element of Plaintiff's claim under FLSA is that he falls within the statutory protections. One requirement for coverage is that Plaintiff cannot be a member of a class of employees exempt from Section 206. Plaintiff's allegation of standing is set out at paragraph 9: "As a result of the services provided by NAS Component, two or more of its employees regularly handled and worked with goods and material moved in or produced in interstate commerce." This allegation has no bearing on Plaintiff's role as chief financial officer or the scope of his duties. In fact, there is no allegation anywhere in the Complaint of Plaintiff's job description other than "Chief Financial Officer". (Complaint ¶ 13). Plaintiff otherwise alleges that NAS Component is an "enterprise engaged in interstate commerce" (¶ 7) and that "NAS Component operated as an organization that provided services to or sold, marketed, or handled goods and material to customers throughout the United

---

[2] *See Financial Security Assurance v. Stephens,* 500 F.3d, 1276, 1284 (11th Cir. 2007). Ordinarily, we do not consider anything beyond the face of the complaint and documents attached thereto when analyzing a motion to dismiss. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116F.3d 1364,1368 (11th Cir. 1997). "This court recognizes an exception, however, in cases in which a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss. *Harris v. Ivax Corp.,* 182 F.3d 799, 802 n.2 (11th Cir. 1999; *Brooks,* 116 F.3d at 1368-69. Here, FSA refers to the existence of the insurance policy and relies on the effect of the policy—that FSA is thereby required to make payments to the bondholders—though it does not quote from the policy or discuss its specific provisions".

States; provided for goods sold and transported from across state lines; obtained, solicited and accepted funds from sources outside the state of Florida; …" (Complaint ¶ 8).

While the general rule is that all inferences related to allegations in a complaint are read in favor of Plaintiff, in this case the inferences based on Plaintiff's pleading, (including the allegation at ¶ 12 that "NAS Component provides component repair solutions to the aviation industry. NAS component's repair station supports a wide variety of airlines and customers across various aircrafts and engine platforms") is that NAS Component has enough business to justify hiring a CFO who is more than a figurehead. As such, Plaintiff needs to factually allege that he falls within the ambit of "employees" who qualify for FLSA protection.

With respect to the issue of standing, the two documents attached hereto are central to Plaintiff's claim of standing. The first, Exhibit 1, are the minutes of a Board of Directors meeting on November 20, 2018. This document is referenced in the Complaint when Plaintiff alleges "NAS Component hired Mr. Casado as Chief Financial Officer ("CFO") of NAS Component. (¶ 13). Plaintiff also references the minutes when he alleges NAS Component "agreed to pay Plaintiff for his work" and "pay him weekly". (¶'s 23, 24). The minutes, prepared by Plaintiff and signed by him, state the following: 1) Plaintiff is a member of the Board of Directors; 2) Plaintiff was appointed as Chief Financial Officer; 3) Plaintiff's salary was set at $2,000.00 per week; 4) the valuation of the company for insurance purposes was set at $5,000,000.00; and 5) Plaintiff was charged with drafting "a clear and concise description" of the roles of the Chairman, CEO, COO, CCO and CFO. The second document, Exhibit 2, is an email sent by Plaintiff on November 23, 2018 annexing job descriptions he prepared for the officers of NAS including the CFO.[3]

---

[3] The email cover page is in Spanish and has been translated for convenience. Also, the email attached a draft of the minutes of the November 20, 2018 meeting of the Board of directors. Defendants have attached as Exhibit 1 the signed minutes.

Considering these documents, Plaintiff's FLSA claims fail as a matter of law. First there can be no dispute that Plaintiff falls within the administrative exemption under FSA. 541.200. His salary is three times the maximum threshold of covered employees ($684.00 per week); his job is exclusively non-manual and directed to management or general business operations, as reflected in the 57 point job description, he has significant discretion and, as clearly described on the job description, he can exercise independent judgment with respect to significant issues.(E.g. "Plan, develop, organize, direct and evaluate the organization's fiscal function and performance in coordination with the external accountants").

Similarly, Plaintiff, also falls squarely within the scope of an executive as defined by the CFR. His salary is over the limit; he is in charge of a separate and significant department (which as described in the job description encompass wide swaths of the busines of NAS such as participating "in the development of the corporations plans and programs as a strategic partner" which is coupled with his seat ad one of four directors of NAS); he supervises employees in various parts of the company. (E.g. Assist in performing all tasks necessary to achieve the organization's mission and help execute staff succession and growth plans; Oversee all purchasing and payroll activity for staff and participants; Oversee Accounts Payable and Accounts Receivable and ensure a disaster recovery plan is in place; Manage the accounting purchase, IT and treasury departments); and, as a member of the Board of Directors, he also maintains a position that assures his opinions and recommendations are listened to. ("Participate in key decisions as a member of the Board").

This is not a complicated motion. FLSA laws apply to a broad, but limited, class – employees at the lower end of the wage scale who are involved in mostly manual labor unrelated to providing operational and strategic guidance or running a department. Plaintiff's Complaint does not, and cannot, allege that he fits into the category. The absence of any allegations of the job

functions he undertook as CFO, coupled with the job description he drafted, explain the reason the Complaint does not contain any allegation of his job. Plaintiff does not fit into the category of employees protected by FLSA.

## II. The Breach of Contract and Unjust Enrichment Claims

The only claims providing this court with original jurisdiction to consider the merits of the claim are the FLSA claims. While this court retains jurisdiction over the pendant clams, whether it does so is purely discretionary. *Carlsbad Technology, Inc. v. HIF Bio Inc.* 129 S.Ct 1862 (2009). *See* 28 U.S.C.A § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection a) if - - (3) the district court has dismissed all claims over which it has original jurisdiction…").

When a district court dismisses the only claims over which it has original jurisdiction "at an early stage of the litigation, the District Court had a powerful reason to choose not to continue the exercise jurisdiction". *Carnigie-Mellon University v. Cohill,* 108 S.Ct. 614 (1988). Since this case originated in the district court, as opposing to having been removed from state court, the appropriate remedy is to dismiss the state law claims. *Ingram v. School Board of Miami-Dade County,* 167 Fed. Appx. 107 (11th Cir. 2006).

There are no compelling reasons for this court to retain jurisdiction. The case has not proceeded to any point beyond the filing of the complaint. Plaintiff will not be prejudiced by re-filing the case in state court. There is no claim that the statute of limitations has expired on the state law claims. Plaintiff is seeking specific relief under F.S. 448. 08 to recover attorney fees under the Unjust Enrichment claim.

Wherefore, Defendants request that Plaintiff's Complaint be dismissed with fees and costs taxed against Plaintiff as may be provided by law.

        MICHEL O. WEISZ, P.A.
        11901 S.W. 91 Avenue
        Miami, FL 33176
        Telephone: (305) 613-6192
        By: */s/ Michel O. Weisz*
           Michel O. Weisz
           Florida Bar No. 336939
           moweiszpa@gmail.com